## Case No. 12,447.

### In re SCHENCK.

[5 N. B. R. 93.] [1]

District Court, D. New Jersey. 1872.

BANKRUPTCY — APPLICATION FOR DISCHARGE — WHEN TO BE MADE.

Bankrupt filed a petition for his discharge more than one year after adjudication, setting forth in said petition that no debts had been proved, and no estate had come into the hands of the assignee for distribution. No debts in the case had been proved, and assets to the amount of ten dollars and eighty cents had come into the hands of the assignee. Held, that bankrupt should have filed his petition for discharge within one year after adjudication, and failing to do so, discharge must be refused.

[In the matter of P. C. Schenck, a bankrupt.]

NIXON, District Judge. The application of the bankrupt for his final discharge bears date on the first day of March, eighteen hundred and seventy-one. It represents that no debts have been proved against him, and that no assets have come to the hands of the assignee for distribution. Upon this application a rule to show cause was granted, returnable on the twenty-first day of March last before the court, requiring all persons in interest to show cause on that day why the prayer of the petitioner should not be granted. The report of the register, Mr. Elmendorf, with the papers in the case, was filed with the clerk on the twenty-seventh day of March. The register's report shows that assets to the amount of ten dollars and eighty cents, had come to the hands of the assignee, that no creditors have proved their debts against the said estate, and that the applicant was duly adjudged a bankrupt on the fifteenth day of June, eighteen hundred and seventy-one. This case involves the proper construction of the twenty-ninth section of the bankrupt act [of 1867 (14 Stat. 531)], and the power of the court to grant a discharge when no debts have been proved

---

1 [Reprinted by permission.]

against the bankrupt or no assets have come to the hands of the assignee. The applicant has allowed more than one year to elapse after the order of adjudication, before he made his application for his discharge. Has this court the power under such circumstances to grant a discharge? I think not. The words of the section are: "If no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee," the bankrupt may, "at any time after sixty days, and within one year from the adjudication of bankruptcy, apply to the court for a discharge from his debts." This is a privilege that the section gives to the bankrupt, and which he must exercise within the time designated or not at all. I am aware that there has been some conflict of opinion amongst the judges in this matter, but I think that all doubt has been quieted by the congressional construction of the act, given by the committee on the revision of the law, in their report to congress on the twenty-ninth day of February, eighteen hundred and sixty-nine, and I feel constrained to follow their interpretation of the section, until advised by proper authority that a different one is admissible. The application for a discharge is denied.